[Cite as *State v. Milner*, 2026-Ohio-2904.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
MUSKINGUM COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO | Case No. CT2026-0010 |
| Plaintiff - Appellee | Opinion and Judgment Entry |
| -vs- | Appeal from the Muskingum County Court of Common Pleas, Case No. CR2025-0593 |
| CONNOR MILNER | Judgment: Affirmed, in part; Reversed, in part; and Remanded |
| Defendant - Appellant | Date of Judgment Entry: July 27, 2026 |

**BEFORE:** William B. Hoffman; Craig R. Baldwin; David M. Gormley, Judges

**APPEARANCES:** Joseph A. Palmer, Assistant Prosecuting Attorney, for Plaintiff-Appellee; April F. Campbell, Campbell Law, LLC, for Defendant-Appellant.

*Hoffman, P.J.*

{¶1} Defendant-appellant Connor Milner appeals the January 27, 2026 Entry entered by the Muskingum County Court of Common Pleas, which sentenced him on one count of aggravated robbery with a firearm specification, one count of tampering with evidence, one count of attempted aggravated grand theft of a motor vehicle, and one count of having weapons under disability, after the trial court found him guilty upon acceptance of his guilty pleas to the same. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE CASE[1]

{¶2}   On September 17, 2025, the Muskingum County Grand Jury indicted Appellant on one count of aggravated robbery, in violation of R.C. 2911.01(A)(1) and (C), a felony of the first degree (Count 1): one count of tampering with evidence, in violation of R.C. 2921.12(A)(1) and (B), a felony of the third degree (Count 2); one count of attempted grand theft of a motor vehicle, in violation of R.C. 2923.02 and R.C. 2913.02(A)(1) and (B)(5), a felony of the fifth degree (Count 3); and one count of having weapons while under disability, in violation of R.C. 2923.13(A)(2) and (B), a felony of the third degree (Count 4).  Counts 1 and 3 carried attendant firearm specifications.  Appellant entered a plea of not guilty to the Indictment at his arraignment on September 24, 2025.  The matter proceeded through discovery.  The trial court set a trial date of November 13, 2025.

{¶3}   The trial court scheduled the matter for a change of plea hearing on November 12, 2025. On that day, Appellant appeared before the trial court, withdrew his former plea of not guilty, and entered a plea of guilty to Count 1, aggravated robbery with a firearm specification, as amended; Count 2, tampering with evidence; Count 3, attempted grand theft of a motor vehicle, as amended; and Count 4, having weapons under disability. After conducting a Crim. R. 11 colloquy with Appellant, the trial court accepted his plea and found him guilty. The trial court deferred sentencing pending a pre-sentence investigation.  The State moved to dismiss the firearm specification attached to Count 3, which the trial court granted via Judgment Entry to Dismiss filed January 23, 2026.

---

[1] A Statement of the Facts is not necessary to our disposition of this appeal.

{¶4} The matter came before the trial court for sentencing on January 21, 2026. At the hearing, defense counsel advised the trial court Appellant did not have any prior felony convictions. Transcript of January 21, 2026 Sentencing Hearing at p. 7. The trial court indicated it had reviewed the presentence investigation, adding Appellant did not "have any felony convictions." *Id.* at p. 9. The trial court asked Appellant, "You do have an active warrant out of Perry County for child endangering and domestic violence and assault, though; correct?" *Id.* Appellant answered, "Correct." *Id.* Thereafter, the trial court discussed Appellant's misdemeanor history and juvenile record, which the trial court declared, "[n]ot a lengthy record." *Id.*

{¶5} After some discussion relative to his co-defendants' sentences as well as a discussion regarding the events giving rise to the charges, the trial court proceeded with sentencing. The trial court imposed a minimum mandatory prison term of 8 years to an indefinite prison term of 12 years on Count 1, aggravated robbery, and a mandatory one-year prison term on the attendant firearm specification. On Count 2, tampering with evidence, the trial court imposed a stated prison term of 36 months. On Count 3, attempted grand theft of a motor vehicle, the trial court ordered Appellant to serve a stated prison term of 12 months, and on Count 4, having weapons while under disability, a stated prison term of 36 months. The trial court ordered the terms imposed on Counts 1, 2, 3, and 4, be served concurrently with each other, and the 1-year term imposed on the firearm specification attached to Count 1 be served mandatory consecutive, for an aggregate mandatory prison term of 9 years and an indefinite prison term of 13 years.

{¶6} The trial court memorialized Appellant's sentence via Entry filed January 27, 2026. Therein, the trial court stated it had "considered the record, all statements, any victim

impact statement, the plea recommendation in this matter, as well as the principles and purposes of sentencing under Ohio Revised Code §2929.11 and its balance of seriousness and recidivism factors under Ohio Revised Code §2929.12." January 27, 2026 Entry at p. 1, unpaginated. The trial court found Appellant had "previously pled guilty to one (01) felony of the first degree, two (02) felonies of the third degree and one (01) felony of the fifth degree." *Id*. The court's statement referred to Appellant's change of plea in the instant matter.

{¶7} Appellant appeals his sentencing, raising the following assignment of error:

MILNER'S SENTENCES SHOULD BE REVERSED:

I. MILNER'S SENTENCE IS CONTRARY TO THE LAW BECAUSE HIS EIGHT-YEAR SENTENCE FOR THE UNDERLYING OFFENSE OF AGGRAVATED ROBBERY IS NOT MANDATORY.

II. THERE IS CLEAR AND CONVINCING EVIDENCE THAT THE RECORD DOES NOT SUPPORT THE TRIAL COURT'S IMPOSITION OF AN AGGREGATE NINE-YEAR PRISON SENTENCE, AND THE SENTENCE IS CONTRARY TO LAW.

I.

{¶8} In his sole assignment of error, Appellant contends his sentence should be reversed on two grounds. First, Appellant argues his sentence is contrary to law as the trial court incorrectly imposed a mandatory prison term for the underlying felony offense of aggravated robbery. Next, Appellant maintains the record does not support the imposition of

an aggregate prison term of 9 years. We agree with Appellant's first contention, but disagree with his second contention.

{¶9} Recently, in *State v. Young*, 2026-Ohio-2603 (5th Dist.), this Court addressed the same issue raised herein. After a thorough analysis of statutory construction and the Ohio Supreme Court's decision in *State v. Logan*, 2025-Ohio-1772, we held, "R.C. 2929.13(F)(8) does not require that a prison term imposed on the underlying felony offense accompanying a firearm specification carry mandatory status precluding reduction mechanisms under Chapter 2967." *Id*. at ¶ 16.

{¶10} We adhere to our holding in *Young*, and find the trial court erred in imposing a mandatory 8-year prison term for the underlying felony offense of aggravated robbery accompanying the firearm specification. Accordingly, we sustain this portion of Appellant's assignment of error.

{¶11} We now turn to the second argument within Appellant's assignment of error.

{¶12} We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Roberts*, 2020-Ohio-6722, ¶ 13 (5th Dist.), citing *State v. Marcum*, 2016-Ohio-1002. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for sentencing where we clearly and convincingly find either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(L), or the sentence is otherwise contrary to law. *Id*., citing *State v. Bonnell*, 2014-Ohio-3177.

{¶13} When sentencing a defendant, the trial court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. *State v. Hodges*, 2013-Ohio-5025, ¶ 7 (8th Dist.).

{¶14} "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). To achieve these purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both. *Id*. Further, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C. 2929.11(B).

{¶15} R.C. 2929.12 lists general factors which must be considered by the trial court in determining the sentence to be imposed for a felony, and gives detailed criteria which do not control the court's discretion, but which must be considered for or against severity or leniency in a particular case. The trial court retains discretion to determine the most effective way to comply with the purposes and principles of sentencing as set forth in R.C. 2929.11. R.C. 2929.12.

{¶16} Nothing in R.C. 2953.08(G)(2) permits this Court to independently weigh the evidence in the record and substitute our own judgment for that of the trial court to determine a sentence which best reflects compliance with R.C. 2929.11 and R.C. 2929.12. *State v. Jones*, 2020-Ohio-6729, ¶ 42. Instead, we may only determine if the sentence is contrary to law.

{¶17} A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C.

2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range." *State v. Pettorini*, 2021-Ohio-1512, ¶¶ 14-16 (5th Dist.).

{¶18} In its January 27, 2026 Entry, the trial court stated it considered the principles and purposes of sentencing under R.C. 2929.11 and the balance of seriousness and recidivism factors pursuant to R.C. 2929.12. The sentence is within the statutory range. Pursuant to *Jones,* supra, this Court is not permitted to independently weigh the evidence in the record and substitute our own judgment for that of the trial court to determine a sentence which best reflects compliance with R.C. 2929.11 and R.C. 2929.12. We find the sentence imposed upon Appellant is not contrary to law.

{¶19} Accordingly, we overrule the second argument in support of Appellant's assignment of error.

{¶20} The judgment of the Muskingum County Court of Common Pleas is affirmed, in part, as to the length of Appellant's sentence, but reversed, in part, and remanded for redetermination of the mandatory status of the prison term imposed on the underlying felony offense of aggravated robbery. It is so ordered.

**{¶21}** Costs waived.


By: Hoffman, P.J.

Baldwin, J. and

Gormley, J. concur.